IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-914

Filed 15 April 2026

Randolph County, No. 25CV000794-750

BEVERLY COBLE, Plaintiff,

v.

WILLIAM CLAYTON BALLENTINE, Defendant.

Appeal by Defendant from order entered 21 April 2025 by Judge O. Henry Willis Jr. in Randolph County District Court. Heard in the Court of Appeals 17 February 2026.

> *Sue, Anderson & Bordman, L.L.P., by Gary K. Sue and Andrew T. Smith, for Plaintiff-Appellee.*
>
> *Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Greg Gaught, and Foundation for Individual Rights and Expression, by David W. Rubin and James C. Grant, pro hac vice, for Defendant-Appellant.*

GRIFFIN, Judge.

Defendant William Clayton Ballentine appeals from the trial court's civil no-contact order. He argues the no-contact order issued under North Carolina General Statute Chapter 50C was not supported by record evidence. Defendant contends his online conduct did not amount to stalking or harassment within the meaning of Chapter 50C. Moreover, Defendant claims the trial court's no-contact order violates the First Amendment of the United States Constitution. We agree with Defendant

that his actions did not constitute unlawful conduct under Chapter 50C. Thus, we reverse the trial court's no-contact order. Consequently, this Court need not address the First Amendment issue.

## I.    Factual and Procedural Background

Both residents of Randleman in Randolph County, Defendant and Plaintiff have known each other for years. Although Defendant and Plaintiff were originally friendly with each other, their relationship deteriorated upon the death of Defendant's father. Defendant has not directly contacted Plaintiff since 2022.

Defendant and Plaintiff are active in local politics and use their social media accounts to express their political views. While both associate with the Randolph County Republican Party, Defendant and Plaintiff have supported opposing candidates in the past.

In March 2024, Plaintiff announced on Facebook that she would run for mayor of Randleman in the 2025 election. Later that year, in response to Plaintiff's candidacy announcement, Defendant made a Facebook page titled "Anybody But Coble."   Additionally,   Defendant   later   created   a   website, www.AnybodyButCoble.org.[1] On these platforms, Defendant wrote articles opposing Plaintiff's mayoral candidacy. Facially, Defendant created "Anybody But Coble" to assist voters in their mayoral candidate selection for Randleman.

---

[1] For ease of reading, we will proceed by collectively referring to Defendant's "Anybody But Coble" Facebook page and "www.AnybodyButCoble.org" website as "Anybody But Coble."

On 27 December 2024, Plaintiff filed a complaint seeking a no-contact order against Defendant. However, Plaintiff voluntarily dismissed this complaint. Shortly after the dismissal, Plaintiff stated online that she would no longer run for mayor. Nevertheless, the mayoral candidate filing period remained open until July 2025. Despite Plaintiff's online statement that she would not run for mayor, Defendant did not remove the content on his platforms concerning his opposition to Plaintiff's mayoral candidacy.

In March 2025, Plaintiff filed another complaint for a no-contact order against Defendant. In her complaint, Plaintiff alleged Defendant continually harassed her online since 2022. The trial court found Defendant's conduct unlawful under North Carolina General Statute Chapter 50C. The court ordered Defendant to refrain from publicly writing, printing, or speaking Plaintiff's name in any manner as well as going within fifty yards of Plaintiff. The trial court's order remains effective through 21 April 2026. Defendant timely appeals the no-contact order.

## II. Analysis

We review a trial court's order to determine whether competent evidence supports the trial court's findings of fact and whether such findings support its conclusions of law. *DiPrima v. Vann*, 277 N.C. App. 438, 442, 860 S.E.2d 290, 293 (2021) (citation omitted); *Tyll v. Willets*, 229 N.C. App. 155, 158, 748 S.E.2d 329, 331 (2013) (citation omitted). Additionally, this Court reviews conclusions of law de novo. *Tyll*, 229 N.C. App. at 158, 748 S.E.2d at 331.

A person may commence an action for a civil no-contact order when he or she is a victim of unlawful conduct in North Carolina. N.C. Gen. Stat. § 50C-2(a) (2023). Such unlawful conduct includes stalking. N.C. Gen. Stat. § 50C-1(7)(b) (2023). Stalking, within the meaning of the statute, is the following or harassing of another person on more than one occasion without legal purpose with the intent to either (1) instill reasonable fear in another person for their safety or the safety of those close to them, or (2) cause another "to suffer substantial emotional distress by placing that person in fear of death, bodily injury, or continued harassment and that in fact causes that person substantial emotional distress." N.C. Gen. Stat. § 50C-1(6). Furthermore, such harassment includes knowing conduct such as "written or printed communication or transmission . . . or other computerized or electronic transmissions directed at a specific person that torments, terrorizes, or terrifies that person and that serves no legitimate purpose." N.C. Gen. Stat. § 14-277.3A(b)(2) (2023). Simply, civil harassment constitutes "(1) knowing conduct (2) directed at (3) a specific person (4) that torments, terrorizes, or terrifies, and (5) serves no legitimate purpose." *Durham Cnty. Dep't of Soc. Servs. v. Wallace*, 295 N.C. App. 440, 445, 907 S.E.2d 1, 6 (2024) (citing N.C. Gen. Stat. § 14-277.3A(b)(2)).

This Court has acknowledged a distinction between online posts written "*about*" an individual and those sent "directly *to*" an individual. *Weller v. Jackson*, 279 N.C. App. 260, 2021 WL 4059970, at *3 (2021) (unpublished) (citing *State v.*

*Shackleford*, 264 N.C. App. 542, 556, 825 S.E.2d 689, 698 (2019)).[2]  In *Weller*, the defendant posted online articles that discussed the plaintiff, but these posts were not directed at the plaintiff; therefore, the no-contact order was reversed.  *Id.* at *4. Unlike the criminal stalking statute in *Shackleford*, Chapter 50C concerning civil no-contact orders does not expressly include definitional language of communicating "to *or about* a person."  *State v. Shackleford*, 264 N.C. App. 542, 556, 825 S.E.2d 689, 698 (2019) (citing N.C. Gen. Stat. § 14-277.3A(c)).

Here, Defendant posted online articles and opinions *about* Plaintiff and her eligibility as mayor; they were not directed to her.  Even assuming Defendant was aware Plaintiff used social media, such awareness does not necessarily mean Defendant directed his online posts to Plaintiff.  Furthermore, the purported purpose of "Anybody But Coble" to aid voters buttresses the notion that Defendant's publications were directed at undecided voters in Randleman, not Plaintiff.

Moreover, writing in the second person suggests the writer is writing directly to someone; we do not see the use of the second person in Defendant's posts. Defendant refers to Plaintiff in the third person throughout his publications in "Anybody But Coble."  While writing in the third person is not dispositive, it tends to support Defendant's claim that his online communications were *about* Plaintiff.

---

[2] We recognize *Weller* is unpublished and, thus, it is not binding precedent.  Nevertheless, we find the reasoning persuasive.  *Weller* involves a similar factual pattern and turns on whether that defendant's online posts were directed at the plaintiff or whether the posts were simply about that plaintiff.

Plaintiff fails to carry her burden in demonstrating Defendant directed these posts, or any other communication, *at* her.  Therefore, there is a lack of evidence to support a finding that Defendant stalked or harassed Plaintiff.  Thus, we reverse the trial court's no-contact order.  Accordingly, this Court need not address Defendant's First Amendment argument.

## III.    Conclusion

Since Defendant's publications were not directed at Plaintiff, we reverse the no-contact order.

REVERSED.

Judges ARROWOOD and WOOD concur.